1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

JASON DANA PAUL,

Case No. CV 15-07399 CJC (AFM)

12

Petitioner,

13

v.

14

SCOTT KERNAN,

15

Respondent.

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

16
17
18

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on

19

file and the Report and Recommendation of United States Magistrate Judge.

20

Further, the Court has engaged in a *de novo* review of those portions of the Report

21

to which petitioner has made objections.  To the extent that any of petitioner's

22

objections are not substantively duplicative of arguments he has already made, they

23

do not warrant a change in the Magistrate Judge's recommendation, for the

24

following reasons.

25

First, petitioner claims that respondent waived the statute of limitations issue

26

by failing to assert it as a defense in petitioner's state habeas proceeding in the

27

Los Angeles County Superior Court.  (Objections at 1-6.)  The Superior Court

28

habeas petition, for which petitioner is entitled to 406 days of statutory tolling, has

no relevance to whether his subsequent federal habeas petition is untimely under the one-year period as set forth at 28 U.S.C. § 2244(d).  For purposes of petitioner's federal habeas petition, respondent did not waive the statute of limitations defense, but raised it at the first opportunity in his Motion to Dismiss.  (ECF No. 30.)  Moreover, the case cited by petitioner for the waiver issue, *Rennie v. Martin*, 2011 WL 4006575, at \*5-\*7 (E.D. Cal. Sept. 8, 2011), is not on point.  In *Rennie*, the Attorney General had made an unusual argument that the federal district court should determine in the first instance that a state habeas petition was untimely as a matter of California law, an argument the district court rejected by reasoning in part that the Attorney General had failed to raise the issue before the state court.  Respondent in this case did not ask the Court to determine in the first instance that petitioner's Superior Court habeas petition was untimely as a matter of California law, but conceded that petitioner is entitled to statutory tolling for the pendency of that petition.

Second, petitioner contends that the California Supreme Court impliedly overruled the California Court of Appeal's untimeliness determination under *Trigueros v. Adams*, 658 F.3d 983 (9th Cir. 2011).  (Objections at 30.)  Petitioner contends that *Trigueros* is controlling because the California Supreme Court had before it petitioner's argument on the timeliness issue, yet failed to cite any California case involving an untimeliness determination when it eventually denied petitioner's state habeas petition (without comment or citation of authority).  The lone fact that petitioner raised the timeliness issue before the California Supreme Court is insufficient to find an implied overruling under *Trigueros* because petitioner's case is dissimilar from that case in the most significant respects.  In *Trigueros*, 658 F.3d at 990, the Ninth Circuit found it "compelling" and "highly significant" that: (1) the California Supreme Court requested informal briefing on the merits; (2) the State filed an informal response, which included an argument on untimeliness; and (3) petitioner responded to the State's brief.  The first two facts

2

1    are missing here.  And the third fact is only somewhat similar because although
2    petitioner did argue the timeliness issue in the California Supreme Court, he did so
3    without any prompting by the California Supreme Court or the State.  Thus, unlike
4    the case in *Trigueros*, the California Supreme Court in this case did **not** have
5    "before it all of the timeliness arguments from the parties."  *See* 658 F.3d at 990.
6    Moreover, unlike the case in *Trigueros*, the California Supreme Court in this case
7    never gave any indication that it was reconsidering, much less overruling, the lower
8    state court's untimeliness determination.   Rather, the proceedings before the
9    California Supreme Court were consistent with the lower court's untimeliness
10   determination.  *See Flores v. Cate*, 534 F. App'x 642, 643 (9th Cir. 2013)
11   (distinguishing *Trigueros* where, after a lower state court found the petition
12   untimely, "the proceedings before the California Supreme Court were consistent
13   with that ground for denial").

14         Third, petitioner claims for the first time in this Court that he is actually
15   innocent. (Objections at 32.)  Petitioner is not entitled to an equitable exception to
16   the statute of limitations on this basis.  The only specific argument petitioner has
17   made in this regard was an argument in his California Supreme Court habeas
18   petition that the evidence presented at trial was insufficient to support some of his
19   convictions. (Lodgment 12 at 29.)  This is insufficient to raise a claim of actual
20   innocence.  *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (prisoner
21   asserting actual innocence must show factual innocence, not mere legal
22   insufficiency); *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003) (same).
23   Moreover, petitioner has not proffered any new and reliable evidence to establish
24   his factual innocence of his crimes of conviction, so as to warrant the exception.
25   *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, such a claim
26   requires petitioner to support his allegations of constitutional error with new
27   reliable evidence.")

28

Fourth, petitioner claims that the Report misstated the time period when petitioner began drafting his first state habeas petition.  (Objections at 37.)  The Report stated a drafting date beginning in December 2013, based on petitioner's statements in his state court pleadings.  Petitioner now admits that his statements were erroneous and that he actually began drafting the petition in December 2012.  (Objections, Attachment C.)  This change in the date of commencement of drafting makes no difference because it is indisputable that the eventual constructive filing date for that state habeas petition was May 8, 2014.  In other words, after petitioner's one-year limitations period began to run on May 14, 2013, it took petitioner 359 days to file his first state habeas petition.  Thus, even assuming that petitioner can show the deprivation of his legal files was an extraordinary circumstance (which it was not), he cannot demonstrate reasonable diligence for purposes of equitable tolling.

Fifth, petitioner contends that the absence of paper in the prison law library constituted an extraordinary circumstance entitling him to one day of equitable tolling.  (Objections at 40.)  As support, petitioner cites *Sossa v. Diaz*, 729 F.3d 1225, 1236 (9th Cir. 2013), in which the Ninth Circuit found that lack of access to library resources, including the copier, may have entitled the petitioner in that case to two days of equitable tolling.  Unlike the petitioner in *Sossa*, however, petitioner would need more than two days of equitable tolling on this basis; the instant Petition is two and a half months late.  Moreover, occasional restrictions in library resources generally are not considered an extraordinary circumstance.  *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2013) (holding that petitioner was not entitled to equitable tolling for limited access to the law library and copy machine because to conclude otherwise "would permit the exception to swallow the rule" that equitable tolling be rarely granted).

Sixth, petitioner contends that the Court failed to properly consider his grounds for equitable tolling on a collective basis.  (Objections at 42.)  To the

contrary, the Report considered petitioner's grounds collectively and assumed that his factual allegations regarding each of his grounds for equitable tolling were true. Because none of petitioner's allegations was sufficient to rise to the level of an extraordinary circumstance, he failed to show entitlement to a sufficient period of equitable tolling even after the allegations were considered collectively.

In sum, petitioner's objections are overruled.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) respondent's Motion to Dismiss the Petition as untimely is granted; and (3) Judgment shall be entered dismissing this action with prejudice.

DATED:  March 15, 2017

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE